IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**WILLIAM FRANKLIN EDENFIELD,**

    Plaintiff,

vs.                                                    4:08CV331-RH/AK

**LARRY CAMPBELL, et al,**

    Defendants .

_____/

## REPORT AND RECOMMENDATION

Plaintiff originally brought this cause of action against the Sheriff of Leon County and State Attorney Willie Meggs because they refused to press charges on his behalf against Shirley Ulmer, whom he alleges took property from him.  He was directed to file an amended complaint which he has done, (doc. 13), but the amended complaint again fails to state any claim for relief and provides even fewer facts than the original.

Plaintiff claims that as a taxpayer, the sheriffs department should have taken his statement and gotten his property returned.  He alludes to some conspiracy between the sheriff's son and the state attorneys office, and also mentions that the state court judge had no right to continue his trial, which violated his speedy trial rights.

None of these claims are supported by any specific facts nor do they raise any constitutional issues.

"To state a claim under § 1983, a plaintiff must allege facts showing that the defendant's act or omission, done under color of state law, deprived him of a right,

privilege, or immunity protected by the Constitution or laws of the United States." Emory v. Peeler, 756 F.2d 1547, 1554 (11th Cir. 1985); Dollar v. Haralson County, 704 F.2d 1540, 1542-43 (11th Cir.), cert. denied, 464 U.S. 963, 104 S. Ct. 399, 78 L. Ed. 2d 341 (1983). In other words, Plaintiff must allege that Defendant "deprived him of a right secured by the 'Constitution and laws' of the United States" and that the Defendant did so "under color of any statute, ordinance, regulation custom, or usage of any State. . . ." Fadjo v. Coon, 633 F.2d 1172, 1174-1175 (5th Cir. 1981), *quoting* Adickes v. S. H. Kress & Co., 398 U.S. 144, 150, 90 S. Ct. 1598, 1604, 26 L. Ed. 2d 142 (1970); *see* Paisey v. Vitale In and For Broward Co., 807 F.2d 889, 892 (11th Cir. 1986); Lugar v. Edmondson Oil Co., 457 U.S. 922, 930, 102 S. Ct. 2744, 2750, 73 L. Ed. 2d 482 (1981); Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 155, 98 S. Ct. 1729, 1732, 56 L. Ed. 2d 185 (1978). As written, Plaintiff fails to allege facts sufficient to constitute a constitution deprivation under § 1983.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. 13, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the clerk of court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Gainesville, Florida, this  7th  day of May, 2009.


       *s/ A. KORNBLUM*
       **ALLAN KORNBLUM**
       **UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**