IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

WILLIAM FRANKLIN EDENFIELD,

    Plaintiff,

v.                                             CASE NO. 4:08cv331-RH/AK

LARRY CAMPBELL, et al.,

    Defendants.

_____/

## **ORDER OF DISMISSAL**

    This case is before the court on the magistrate judge's report and recommendation (document 15), which concludes that the plaintiff's first amended complaint fails to state a claim on which relief can be granted and thus should be dismissed.  The plaintiff filed no objections, but he tendered a second amended complaint.  By a separate order, the magistrate judge denied leave to file the second amended complaint, concluding that it, like the first amended complaint, failed to state a claim.

    The plaintiff's allegations are not completely clear, but he apparently says that a woman with whom he sometimes lived but also sometimes fought had him arrested—perhaps for domestic battery—and used the opportunity to take a

substantial amount of his property.  The plaintiff has sued the state attorney and various law enforcement officers asserting they violated the plaintiff's constitutional rights by failing to seek the return of the property or to pursue criminal charges against the woman.  The plaintiff alleges he was arrested more than once, but he seems to admit that there was probable cause for the arrests, and in any event he seems not to attempt to state a false arrest claim.

A prosecutor or law enforcement officer ordinarily has no constitutional duty to bring charges against a person.  This is so when there is probable cause to believe the person committed a crime and even when there is overwhelming proof that the person in guilty.  An alleged victim ordinarily has no claim against a prosecutor or law enforcement officer for failing to pursue charges.  These principles are fatal to the plaintiff's claim against the state attorney and law enforcement officers for failing to bring criminal charges against his estranged cohabitant.

A person whose property is improperly taken ordinarily *does* have a claim against the person who took it and against anyone who assisted the improper taking.  But this is a state-law claim, not a constitutional claim.  When, as the plaintiff apparently alleges happened here, a state actor takes or participates in taking a person's property not in accordance with state law but in violation of it, the taking is not a constitutional violation, so long as state law provides a remedy.

*See Hudson v. Taylor*, 468 U.S. 517, 531-35, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984); *Parratt v. Taylor*, 451 U.S. 527, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981). The plaintiff thus fails in his attempt to state a federal claim based on the defendants' role in his estranged cohabitant's taking of his property.

The plaintiff apparently has attempted to assert in this case only federal claims. Those claims are due to be dismissed with prejudice. If the plaintiff has attempted to assert a state claim based on the taking of his property, I decline to exercise supplemental jurisdiction over the claim. This claim—if indeed the plaintiff has attempted to assert this claim—should be dismissed without prejudice. That the dismissal of this claim will be without prejudice should not be read as an indication that the plaintiff has such a claim or that any such claim would survive dismissal in state court; this order expresses no view on these matters.

For these reasons,

IT IS ORDERED:

The report and recommendation is ACCEPTED. The clerk must enter judgment stating, "The plaintiff's federal claims are dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B). Any state-law claim for the failure to pursue criminal charges is dismissed with prejudice. Any state-law claim for the alleged taking of the plaintiff's personal property is dismissed without prejudice based on

*Page 4 of 4*

the discretionary decision not to exercise supplemental jurisdiction over the claim."

The clerk must close the file.

    SO ORDERED on July 6, 2009.

                                    s/Robert L. Hinkle  
                                    United States District Judge